**THE LAW OFFICES OF**
**BENJAMIN G. KELSEN, ESQ. LLC**
**1415 Queen Anne Road, Suite 206**
**Teaneck, NJ 07666**
**Phone: 201-692-0073**
**Fax: 201-692-0151**
**Email: info@kelsenlaw.com**

| | |
|---|---|
| **LINDSAY REESEG,**<br><br>Plaintiff(s),<br><br>v.<br><br>**CITIBANK, INC.**, **ABC COMPANY, INC. (1-10)**, **JOHN DOES (1-10)**,<br><br>Defendant(s) | **THE UNITED STATES**<br>**DISTRICT COURT FOR**<br>**THE DISTRICT OF NEW JERSEY**<br><br>**CIVIL ACTION:_____**<br><br>**COMPLAINT**<br>**and**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff , **LINDSAY REESEG** (hereinafter, "Plaintiff"), a New Jersey resident, brings this complaint by and through their attorneys, **THE LAW OFFICES OF BENJAMIN G. KELSEN, ESQ. LLC**, against **CITIBANK, INC.**, **ABC COMPANY, INC.**, and **JOHN DOE (1-10)** (hereinafter "Citi" or "Defendant"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

2.     The Court also has supplemental jurisdiction under 28 U.S.C. §1367.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2), 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## PARTIES

4.     The Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

5.     Plaintiff resides in Rahway, New Jersey.

6.     Defendant **CITIBANK, INC.** ("Citi") is a corporation with its principal place of business located at  1 Court Square, Long Island City, NY 11101.

7.     Plaintiffs are the sole subscribers of the Verizon Wireless cellular phone account bearing the phone number of 908-419-0299, and has been the sole subscriber of that account at all times relevant hereto.

8.     Plaintiff is the sole party financially responsible for the payment of the wireless account bearing the phone number of 908-419-0299, and has been the sole party financially responsible for that account at all times relevant hereto.

9.     Plaintiff **LINDSAY REESEG** is and has been the regular user of that phone number at all times relevant hereto.

10.    Plaintiffs are the "called party" as that term is used by 47 U.S.C. §227 with respect to the calls placed on her cellular telephone number 908-419-0299.

11.    The Defendant called from numerous phone numbers, including but not limited to 800-388-2200, 859-795-2727, 816-420-4632, 859-309-5128, 800-733-1116, all of which numbers belong to Defendant.

12.    On information and belief, Plaintiff alleges that **CITIBANK, INC.** is, and at all times mentioned herein was, and is a New York corporation, with a registered office address of 1 Court Square, Long Island City, NY 11101.

13.    **CITIBANK, Inc**. at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

14.    **ABC CORPORATION, INC.,** is a fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

15.    **JOHN DOES 1-10**, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## NATURE OF THE ACTION

16.     Plaintiff brings this action individually seeking redress for Defendant's actions which violate the Telephone Consumer Protection Act, 47 U.S.C. §227 (hereinafter "TCPA").

17.     The regulations under the TCPA prohibit placing calls to a cellular telephone via an automated telephone dialing system (an "ATDS") without the called party's prior express consent.

18.     The regulations under the TCPA further prohibit calling a cellular telephone with an ATDS after prior express consent was revoked.

19.     Section 47 U.S.C. §227(b) of the TCPA provides "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States…to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to... any telephone number assigned to a paging service, cellular telephone service . . . or any service for which the called party is charged for the call;"

20.     Upon information and belief, the Defendant has recently called the Plaintiff's cell phone in violation of the TCPA over 256 times.

21.     As a direct result of Defendant's placement of calls to Plaintiff, Plaintiff was further deprived of the use of Plaintiff's cellular phone during the times that the Defendant was calling the Plaintiff's phone.

22.     Plaintiffs are seeking damages, and declaratory and injunctive relief.

## ALLEGATIONS OF FACT

23.     On or about 2012, the Plaintiffs opened a credit card account with Citi, called Citi Simplicity and one with Sears, Inc., whose private issue credit cards are serviced by the Defendant, Citi.

24.     Due to unforeseen circumstances, Plaintiffs fell behind on payments to the Defendant.

25.     During that time period, beginning on or about January, 2016 the Plaintiff started receiving numerous phone calls from Citi on her cell phone.

26.     On or around February 11, 2016 and February 16, 2016, Plaintiff called the numbers known to her be related to the above credit cards respectively, without knowing that the Defendant was servicing both companies, requesting that all communication to her cell phone cease, and revoking any consent she may have given to receive phone calls regarding this account.

27.     Defendant continued contacting the Plaintiff via telephone numerous times in an attempt to collect the past due on these accounts

28.     Defendant would call Plaintiff's cellular telephone, using an automatic telephone dialing system to initial the telephone call.

29.     On most of these calls, including a call on February 11, 2016, Defendant would leave a voicemail leaving a very similar generic message.

30.     Defendant's use of an automated telephone dialing system was clearly indicated by the placement of over 256 calls to the Plaintiff since January of 2016, the placement of sometimes five (5) calls to the Plaintiff per day.

31.     These phone calls were made up to ten times a day, on a daily basis, with such frequency as can reasonably be expected to harass.

32.     Defendant had ignored Plaintiff's request and continued to call Plaintiff's cellular phone numerous times on a daily basis, sometimes up to five (5) times daily.

33.     The telephone calls at issue were placed by Defendant using an automated telephone dialing system (hereafter "ATDS") in violation of the TCPA.

34.     The ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, or the ability to dial those stored telephone numbers from its database without human intervention.

35.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

36.     Despite actual knowledge of its wrongdoing, Defendant continued its campaign of abuse.

37.     As a direct and proximate result of Defendants acts or omissions, as set forth herein, Plaintiff has suffered compensatory, statutory, and actual damages.

## CAUSES OF ACTION
### COUNT I
### NEGLIGENT VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT
### 47  U.S.C. § 227 *ET SEQ.*

38.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

40.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41.     Plaintiffs are also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT
### 47  U.S.C. § 227 *ET SEQ.*

42.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

44.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)( c).

45.     Plaintiffs are also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF WHEREFORE**, Plaintiff respectfully prays for the following relief:

1.　　On the First Count for Negligent Violations of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and (iii) any other relief the Court may deem just and proper; and

2.　　On the Second Count for Knowing and/or Willful Violation of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and any other relief the Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: <u>April 13, 2016</u>　　　　　　　　　　<u>/s/ Benjamin G. Kelsen, Esq.</u>
　　　　　　　　　　　　　　　　　　　　**THE LAW OFFICES OF**
　　　　　　　　　　　　　　　　　　　　**BENJAMIN G. KELSEN, ESQ. LLC**
　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Benjamin G. Kelsen, Esq., the undersigned attorney of record for Plaintiffs, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.


Dated: <u>April 13, 2016</u>                                     /s/ Benjamin G. Kelsen, Esq.
                                                        **THE LAW OFFICES OF**
                                                        **BENJAMIN G. KELSEN, ESQ. LLC**
                                                        *Attorneys for Plaintiff*



## DOCUMENT PRESERVATION DEMAND

Plaintiffs hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

Dated: <u>April 13, 2016</u>                                     /s/ Benjamin G. Kelsen, Esq.
                                                        **THE LAW OFFICES OF**
                                                        **BENJAMIN  G.  KELSEN,  ESQ.  LLC**
                                                        *Attorneys for Plaintiff*